Filed 6/2/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GUILLERMO HERNANDEZ et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DEPARTMENT OF MOTOR<br>VEHICLES et al.,<br><br>    Defendants and Respondents. | A156062<br><br>(Alameda County<br>Super. Ct. No. RG16836460) |

Vehicle Code section 13365, subdivision (a) (section 13365(a))[1] directs the Department of Motor Vehicles (DMV) to suspend a person's driver's license "[u]pon receipt of notification of a violation of subdivision (a) of Section 40508" and certain other conditions.  Subdivision (a) of section 40508 (hereafter, the Misdemeanor Statute) makes it a misdemeanor for a traffic offender to "willfully violat[e] his or her written promise . . . to appear in court . . . ."  The DMV currently suspends driver's licenses upon notification of a failure to appear even without notification that this failure violated the Misdemeanor Statute.  We conclude that this practice is contrary to section 13365(a), and reverse the trial court.  We also define what constitutes a "violation" of the Misdemeanor Statute for purposes of section 13365(a).

---

[1] All undesignated section references are to the Vehicle Code.  In 2017, the legislature amended sections 13365, 40509, and 40509.5.  (Stats 2017, ch. 17, §§ 51, 53, & 54, effective June 27, 2017.)  These amendments are not material to the issues on appeal.  We cite to the current operative version of those statutes.

BACKGROUND

Individual taxpayers (Plaintiffs) filed a writ petition and complaint for declaratory and injunctive relief, seeking to compel the DMV to stop suspending driver's licenses without notification of a violation of the Misdemeanor Statute.

The parties stipulated to the following facts. The DMV provides courts with electronic and paper methods to notify it of a person's failure to appear. Both methods of notification require the court to indicate the "sections violated" by the person failing to appear. The DMV will suspend a person's driver's license pursuant to section 13365 regardless of whether the failure to appear form indicates that the Misdemeanor Statute is one of the sections violated.

The trial court denied the petition. This appeal followed.[2]

DISCUSSION

I. *Statutory Framework*

The primary statute at issue—section 13365(a)—sets forth the conditions under which the DMV must suspend a person's driver's license following notification that the person failed to appear in court: "Upon receipt of notification of a violation of [the Misdemeanor Statute], the department shall take the following action: [¶] (1) If the notice is given pursuant to

_____

[2] Amicus curiae briefs in support of Plaintiffs were filed by Legal Services of Northern California, the Inner City Law Center, and the Financial Justice Project of the San Francisco Treasurer and Tax Collector's Office. We do not address the policy arguments raised in the amicus briefs, which are properly directed to the Legislature. (*Fort Bragg Unified School Dist. v. Colonial American Casualty & Surety Co.* (2011) 194 Cal.App.4th 891, 909–910 [" 'Crafting statutes to conform with policy considerations is a job for the Legislature, not the courts; our role is to interpret statutes, not to write them.' "].)

2

subdivision (a) of Section 40509, if the driving record of the person who is the subject of the notice contains one or more prior notifications of a violation issued pursuant to Section 40509 or 40509.5, . . . the department shall suspend the driving privilege of the person.  [¶]  (2)  If the notice is given pursuant to subdivision (a) of Section 40509.5, . . . the department shall suspend the driving privilege of the person."  The suspension is not effective until notice is mailed to the person and a 60-day waiting period has passed, and continues until the person's DMV record "does not contain any notification of a violation of [the Misdemeanor Statute]."  (§ 13365, subd. (b).)[3]

Section 13365(a) thus refers to notice from courts to the DMV relating to three separate statutes.  The first is the Misdemeanor Statute, making it a misdemeanor for a person to "willfully violat[e] his or her written promise to appear . . . ."  (§ 40508, subd. (a).)

---

[3] Section 13365 provides, in its entirety:  "(a)  Upon receipt of notification of a violation of subdivision (a) of Section 40508, the department shall take the following action:  [¶]  (1)  If the notice is given pursuant to subdivision (a) of Section 40509, if the driving record of the person who is the subject of the notice contains one or more prior notifications of a violation issued pursuant to Section 40509 or 40509.5, and if the person's driving privilege is not currently suspended under this section, the department shall suspend the driving privilege of the person.  [¶]  (2)  If the notice is given pursuant to subdivision (a) of Section 40509.5, and if the driving privilege of the person who is the subject of the notice is not currently suspended under this section, the department shall suspend the driving privilege of the person. [¶]  (b)  [¶]  (1)  A suspension under this section shall not be effective before a date 60 days after the date of receipt, by the department, of the notice given specified in subdivision (a), and the notice of suspension shall not be mailed by the department before a date 30 days after receipt of the notice given specified in subdivision (a).  [¶]  (2)  The suspension shall continue until the suspended person's driving record does not contain any notification of a violation of subdivision (a) of Section 40508."

3

The second two statutes referenced in section 13365(a)—sections 40509 and 40509.5 (hereafter, the Notification Statutes)—provide for courts to notify the DMV of a person's failure to appear. The first Notification Statute (§ 40509) authorizes permissive notification "if a person has violated a written promise to appear . . . or violated an order to appear in court . . . ." (§ 40509, subd. (a).)[4] The second Notification Statute (§ 40509.5) contains similar provisions but also provides (among other differences) that DMV notification is mandatory when the underlying alleged violation is for certain serious offenses. (§ 40509.5, subds. (a) & (b).)[5] Both Notification Statutes

---

[4] Section 40509, subdivision (a) provides, in its entirety: "Except as required under subdivision (b) of Section 40509.5, if a person has violated a written promise to appear or a lawfully granted continuance of his or her promise to appear in court or before the person authorized to receive a deposit of bail, or violated an order to appear in court, including, but not limited to, a written notice to appear issued in accordance with Section 40518, the magistrate or clerk of the court may give notice of the failure to appear to the department for any violation of this code, or any violation that can be heard by a juvenile traffic hearing referee pursuant to Section 256 of the Welfare and Institutions Code, or any violation of any other statute relating to the safe operation of a vehicle, except violations not required to be reported pursuant to paragraphs (1), (2), (3), (6), and (7) of subdivision (b) of Section 1803. If thereafter the case in which the promise was given is adjudicated or the person who has violated the court order appears in court or otherwise satisfies the order of the court, the magistrate or clerk of the court hearing the case shall sign and file with the department a certificate to that effect."

[5] Section 40509.5 provides, in its entirety: "(a) Except as required under subdivision (b), if, with respect to an offense described in subdivision (d), a person has violated his or her written promise to appear or a lawfully granted continuance of his or her promise to appear in court or before the person authorized to receive a deposit of bail, or violated an order to appear in court, including, but not limited to, a written notice to appear issued in accordance with Section 40518, the magistrate or clerk of the court may give notice of the failure to appear to the department for a violation of this code, a

4

violation that can be heard by a juvenile traffic hearing referee pursuant to Section 256 of the Welfare and Institutions Code, or a violation of any other statute relating to the safe operation of a vehicle, except violations not required to be reported pursuant to paragraphs (1), (2), (3), (6), and (7) of subdivision (b) of Section 1803.  If thereafter the case in which the promise was given is adjudicated or the person who has violated the court order appears in court and satisfies the order of the court, the magistrate or clerk of the court hearing the case shall sign and file with the department a certificate to that effect.  [¶]  (b)  If a person charged with a violation of Section 23152 or 23153, or Section 191.5 of the Penal Code, or subdivision (a) of Section 192.5 of that code has violated a lawfully granted continuance of his or her promise to appear in court or is released from custody on his or her own recognizance and fails to appear in court or before the person authorized to receive a deposit of bail, or violated an order to appear in court, the magistrate or clerk of the court shall give notice to the department of the failure to appear.  If thereafter the case in which the notice was given is adjudicated or the person who has violated the court order appears in court or otherwise satisfies the order of the court, the magistrate or clerk of the court hearing the case shall prepare and forward to the department a certificate to that effect.  [¶]  (c)  Except as required under subdivision (b), the court shall mail a courtesy warning notice to the defendant by first-class mail at the address shown on the notice to appear, at least 10 days before sending a notice to the department under this section.  [¶]  (d)  If the court notifies the department of a failure to appear pursuant to subdivision (a), no arrest warrant shall be issued for an alleged violation of subdivision (a) of Section 40508, unless one of the following criteria is met:  [¶]  (1)  The alleged underlying offense is a misdemeanor or felony.  [¶]  (2)  The alleged underlying offense is a violation of any provision of Division 12 (commencing with Section 24000), Division 13 (commencing with Section 29000), or Division 15 (commencing with Section 35000), required to be reported pursuant to Section 1803.  [¶]  (3)  The driver's record does not show that the defendant has a valid California driver's license.  [¶]  (4)  The driver's record shows an unresolved charge that the defendant is in violation of his or her written promise to appear for one or more other alleged violations of the law.  [¶]  (e)  Except as required under subdivision (b), in addition to the proceedings described in this section, the court may elect to notify the department pursuant to subdivision (b) of Section 40509.  [¶]  (f)  A violation subject to Section 40001 that is the responsibility of the owner of the vehicle shall not be reported under this section."

provide that if, following notification, the person "appears in court" or the matter is adjudicated, the court "shall" so certify to the DMV. (§§ 40509, subd. (a), 40509.5, subds. (a) & (b).)

Additional statutes set forth consequences when a person's DMV record contains a failure to appear pursuant to the Notification Statutes. For example, the DMV shall not renew the person's license (§ 12807, subd. (c)), and any penalty assessments are a lien upon the person's vehicles subject to registration (§ 14911, subd. (a)).

II. *Analysis*

The DMV contends it is authorized under section 13365(a) to suspend a license upon receiving notification pursuant to the Notification Statutes (and any other requirements regarding existing notifications, notice to the license holder, and waiting periods), regardless of whether the notification indicates a violation of the Misdemeanor Statute. Plaintiffs argue the DMV must receive express notification of a violation of the Misdemeanor Statute before suspending a license under section 13365(a).[6]

" 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] The well-established rules for performing this task

_____

[6] The DMV does not dispute that, if section 13365(a) obliges it to receive express notification of a violation of the Misdemeanor Statute before suspending a license, the requirements for a writ of mandate are satisfied. (See *Hudson v. County of Los Angeles* (2014) 232 Cal.App.4th 392, 408 ["A writ of mandate may be issued by any court 'to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station.' (Code Civ. Proc., § 1085, subd. (a).) The showing required to be entitled to mandate is that the public agency has a clear, present, and ministerial duty to afford the relief sought, and that the petitioner has a clear, present, and beneficial right to performance of that duty."].)

require us to begin by examining the statutory language, giving it a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language in isolation; rather, we look to the statute's entire substance in order to determine its scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statute's nature and obvious purposes. [Citation.] We must harmonize the statute's various parts by considering it in the context of the statutory framework as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history." (*Los Angeles County Metropolitan Transportation Authority v. Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1106–1107.)

A. *Is Notification of a Violation of the Misdemeanor Statute Required?*

The parties dispute whether section 13365(a) requires the DMV to receive notification of a violation of the Misdemeanor Statute before it suspends a license following a failure to appear. The issue is easily resolved. Section 13365(a)'s plain language requires "notification of a violation of [the Misdemeanor Statute]" before the DMV may suspend a license. To find no such notification required would render this statutory language a nullity. "It is a maxim of statutory interpretation that courts should give meaning to every word of a statute and should avoid constructions that would render any word or provision surplusage. [Citations.] 'An interpretation that renders statutory language a nullity is obviously to be avoided.' " (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1038–1039.) Accordingly, we conclude that notification of a violation of the

7

Misdemeanor Statute is required before the DMV suspends a license pursuant to section 13365(a).[7]

B. *Is Notification Pursuant to the Notification Statutes Sufficient?*

The DMV argues notification of a failure to appear pursuant to the Notification Statutes is sufficient to satisfy the requirement of notification of a violation of the Misdemeanor Statute. We disagree.

As Plaintiffs contend, a violation of the Misdemeanor Statute requires two elements that are not necessary for notification pursuant to the Notification Statutes. First, the Misdemeanor Statute requires violation of a person's "written promise to appear . . . ." (§ 40508, subd. (a).)[8] In contrast, notification pursuant to the Notification Statutes is authorized upon violation of a "written promise to appear . . . , *or . . . an order to appear in court,* including, but not limited to, a written notice to appear issued in accordance with Section 40518." (§§ 40509, subd. (a), italics added, 40509.5, subd. (a), italics added.) An order to appear in court is not equivalent to a written

---

[7] To the extent the DMV argues that consideration of section 13365(a) in the context of the statutory framework requires us to ignore the specific direction regarding the Misdemeanor Statute, the argument cannot be reconciled with our obligation to avoid rendering this statutory language a nullity.

[8] The written promise to appear is an integral part of the enforcement of minor traffic offenses. " '[I]n the vast majority of cases the [traffic] violator will not be taken into custody; . . . the officer must prepare a written notice to appear (i.e., a citation or "ticket"), and must release the violator "forthwith" when the latter in turn gives his written promise that he will appear as directed (§§ 40500, 40504).' " (*People v. Monroe* (1993) 12 Cal.App.4th 1174, 1180; see also § 40504, subd. (a) ["The officer shall deliver one copy of the notice to appear to the arrested person and the arrested person in order to secure release must give his or her *written promise to appear* in court or before a person authorized to receive a deposit of bail by signing two copies of the notice which shall be retained by the officer" (italics added)].)

promise to appear. For example, section 40518, expressly included by the Notification Statutes, authorizes the mailing of notices to appear where an automated traffic enforcement system has recorded an alleged violation, such as a red light violation. (§ 40518, subd. (a).) Second, the Misdemeanor Statute requires the promise to appear be violated "willfully." In contrast, the Notification Statutes authorize notification when "a person has violated" a promise or order to appear, with no express requirement that the violation be willful. (§§ 40509, subd. (a), 40509.5, subd. (a).)

Despite these additional requirements for a violation of the Misdemeanor Statute, the trial court found notification pursuant to the Notification Statutes was sufficient because courts understood that the DMV would construe every such notification as a notification of a violation of the Misdemeanor Statute. In so finding, the trial court relied on the following language in a DMV manual provided to courts about *electronic* notifications of failures to appear: "The FTA [failure to appear] should show section violated CVC § 40508 [the Misdemeanor Statute] in addition to the original section(s) violated. However, this is not required, the abstract will still be an FTA on the driving record if [the Misdemeanor Statute] is not reported to DMV."

The language in the DMV's manual is not substantial evidence supporting the trial court's finding. Most notably, the manual appears to be only for electronically transmitted notifications, and therefore is not evidence of the understanding of courts with respect to paper notifications. Indeed, the form used for paper notifications states the identified person "has violated a written promise to appear . . . *or violated an order to appear in court*" (capitalization altered, italics added), and is therefore expressly *not* limited to violations of the Misdemeanor Statute. In addition, the manual

9

regarding electronic notification states the notification will result in "an FTA on the driving record," but it is not clear that courts would interpret this to mean a failure to appear pursuant to notification of a violation of the Misdemeanor Statute. Instead, a court might construe the manual's reference to "an FTA on the driving record" to mean a failure to appear following notification pursuant to the Notification Statutes which, as noted in part I, *ante*, has distinct consequences, not including an automatic DMV suspension.

Accordingly, we conclude the DMV must receive express notice of a violation of the Misdemeanor Statute to suspend a license pursuant to section 13365(a).

C. *What Constitutes a "Violation" of the Misdemeanor Statute?*

We now turn to what constitutes a "violation" of the Misdemeanor Statute for purposes of section 13365. Plaintiffs argued below that violation meant a conviction; the DMV suggests Plaintiffs' position requires that violation means a formal charge; and the trial court construed violation to mean "suspected or alleged violation" (a construction Plaintiffs apparently accept on appeal). Because the statutory language is susceptible to all of the above meanings, we turn to the legislative history for guidance.

1. *Legislative History*

As originally enacted and for many years thereafter, section 13365 provided for the DMV to suspend a driver's license when the person's record contained two or more notifications pursuant to the first Notification Statute (the second Notification Statute had not yet been enacted), with no reference to notifications regarding the Misdemeanor Statute. (Stats. 1963, ch. 354, § 1, p. 1145; Stats. 1971, ch. 1532, § 2, p. 3037; Stats. 1981, ch. 584, § 1, p.

10

2250; Stats. 1983, ch. 983, § 5, p. 3505.)  The reference to the Misdemeanor Statute was added to section 13365(a) in 1984.  (Stats. 1984, ch. 858, § 1, p. 2902.)[9]  The same bill also added the second Notification Statute and provided that, with respect to certain offenses set forth in the second Notification Statute, the DMV was to suspend licenses upon the first notification.  (Stats. 1984, ch. 858, §§ 1 & 3, p. 2902.)

The legislative history is unequivocal that the bill's purpose was "to cut down arrest warrants which are issued for traffic infractions."  (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as amended Jun. 25, 1984, p. 2.)  The bill's proponents argued that "the courts are trying to get out of the traffic arrest warrant business.  An arrest warrant is too cumbersome a mechanism, triggers consequences of great embarrassment and inconvenience to the traffic offender, and may give rise to false arrest litigation if an administrative mistake was made to justify its routine use.  Proponents would like to use the DMV license suspension mechanism as the enforcement tool."  (Assem. Com. on Crim. Law & Pub. Safety, Rep. on Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as amended Apr. 9, 1984, p. 3.)  To this end, as to certain offenses, the bill "would delete the requirement of a prior failure to appear before suspending the license of a driver, thus permitting courts to issue either suspensions or warrants on the first failure to appear."  (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as amended Jun. 25, 1984, p. 2.)  Before these

_____

[9] At the time, the Misdemeanor Statute was not materially different from its current version.  (See Stats. 1979, ch. 235, § 2, p. 489 ["Any person willfully violating his written promise to appear or a lawfully granted continuance of his promise to appear in court or before a person authorized to receive a deposit of bail is guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested."].)

11

amendments, a warrant could issue after the first failure to appear, but a license suspension required two or more failures to appear.[10]

The language referring to the Misdemeanor Statute did not appear in early versions of the bill as introduced and amended in the Assembly, but was subsequently added by Senate amendment. (Compare Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as introduced Jan. 30, 1984, and Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as amended Apr. 9, 1984, with Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as amended Jun. 25, 1984.) Legislative analyses of the bill following the Senate amendments discuss other changes made in the Senate, but make no mention of the addition of a reference to the Misdemeanor Statute. (See Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2539 (1983–1984 Reg. Sess.) as amended Jun. 25, 1984, p. 2; Assem. Off. of Research, concurrence in Sen. amendments to Assem. Bill No. 2539 (1983–1984 Reg. Sess.), as amended June 25, 1984, p. 1.) The overall purpose of the bill discussed in the analyses remained the same. (*Ibid.*)

2. *"Violation"*

Although the legislative history sheds no light on why the reference to the Misdemeanor Statute was added, it demonstrates an overarching intent to encourage license suspensions rather than bench warrants as a tool to compel appearance in court. This strongly suggests the Legislature did not intend to make it substantially more burdensome for the courts to initiate a license suspension following a failure to appear than it was before the amendments or than it was to issue an arrest warrant. Prior to the 1984

---

[10] Arrest warrants could issue pursuant to former section 40515, which provided: "When a person signs a written promise to appear . . . [,] the magistrate may issue and have delivered for execution a warrant for his arrest within 20 days after his failure to appear before the magistrate . . . ." (See Stats. 1979, ch. 235, § 6, p. 930.)

amendments, a court could provide the DMV with notification 15 days after a failure to appear (Stats. 1981, ch. 584, § 3, pp. 2250–2251), and could issue an arrest warrant within 20 days after a failure to appear (Stats. 1979, ch. 235, § 6, p. 491). Construing a "violation" of the Misdemeanor Statute within the meaning of section 13365(a) as requiring a conviction or formal charge would render license suspensions substantially more burdensome for courts to obtain and thus would run contrary to the legislative intent.

Indeed, the legislative history indicates an understanding that "violation" would not be so construed. Prior to the 1984 amendments, section 13365(a) authorized suspensions "[u]pon receipt of a notification of a *violation* of [the first Notification Statute] . . . ." (Stats. 1983, ch. 983, § 5, p. 3505 (italics added).) The first Notification Statute—then triggered by a "violat[ion]" of a "written promise to appear" (Stats. 1981, ch. 584, § 3)—did not criminalize any conduct, and therefore no charges could be filed or convictions obtained. The 1984 amendments used identical phrasing, but simply substituted the Misdemeanor Statute for the first Notification Statute. This supports our conclusion that the Legislature did not intend "violation" to mean a conviction or formal charge.

Prior to the 1984 amendments, courts simply determined whether a "violation" of the first Notification Statute had occurred based on the information before them.[11] We see no indication that the Legislature

---

[11] Courts routinely make similar determinations in related contexts, including issuing bench warrants upon a failure to appear for a traffic infraction (§ 40515, subd. (a) ["When a person signs a written promise to appear . . . the magistrate may issue and have delivered for execution a warrant for his or her arrest within 20 days after his or her failure to appear . . . ."]), or deeming a failure to appear for a traffic infraction consent to have a trial by written declaration (§ 40903, subd. (a) ["Any person who fails to appear as provided by law may be deemed to have elected to have a trial by

intended a different meaning of "violation" after the 1984 amendments. In most cases, the trial court can easily determine if a violation of the Misdemeanor Statute has occurred. Whether the person made a written promise to appear will be readily ascertainable from the court's file. The prescribed Judicial Council forms used to secure an arrestee's release include a box stating, "Without admitting guilt, I promise to appear at the time and place indicated below" (capitalization altered), with a line for the arrestee's signature. (E.g., Judicial Council Forms, form TR-130; see also § 40500, subd. (b).) The court's copy of such a notice to appear will contain this signature. (See Judicial Council Forms, forms TR-130 at p. 1 [court's copy of form includes signature box], TR-INST at ¶ 6.240 ["The defendant's signature on the defendant's copy of the citation must be identical to the signature on the copy of the citation filed with the court."].) In contrast, the Judicial Council form for an automated traffic enforcement system notice to appear contains no box for a person to sign a written promise. (Judicial Council Forms, form TR-115.) Thus the court can easily determine, based on the record before it, whether a written promise to appear was made.

Whether the person has violated the written promise to appear will also be readily apparent to the trial court. The person either will be present in court at the promised date and time, or will not be.

The determination of whether the violation was willful is slightly more difficult. "The word 'willfully' as generally used in the law is a synonym for 'intentionally,' i.e., the defendant intended to do the act proscribed by the penal statute. 'Willfully' usually defines a general intent crime unless the

written declaration upon any alleged infraction, as charged by the citing officer, involving a violation of this code or any local ordinance adopted pursuant to this code."]).

statutory language expresses or implies another meaning. [Citation.] In a criminal statute that penalizes the failure to perform a legally imposed duty, 'willfulness' also denotes a requirement of proof that the defendant knew of his duty to act: a failure to act cannot be intentional or purposeful unless the defendant knew he was under a duty to act." (*People v. Davis* (2005) 126 Cal.App.4th 1416, 1435–1436.) The person's written promise to appear establishes knowledge of the duty to act. With respect to whether the person failed to appear intentionally, in an analogous setting—the determination of whether a bailed defendant who failed to appear has demonstrated a "sufficient excuse" to avoid a bench warrant or bail forfeiture (Pen. Code, § 1305.1)—it has been held that " '[a] defendant's failure to appear without explanation is presumptively without sufficient excuse.' " (*People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 796.) Such a presumption is also appropriate here, in light of the legislative intent discussed above.[12]

Plaintiffs argue that in some cases courts will have evidence of a *lack* of willfulness, for example, when a person "called the court clerk with a valid explanation for a non-willful failure to appear." In such cases, depending on the nature of the explanation and any other relevant facts, the trial court may determine the failure to appear was not willful.[13] If the court so

---

[12] We note that a license suspension pursuant to section 13365 is only effective after notice is mailed to the person and a 60-day waiting period has passed. (§ 13365, subd. (b)(1).)

[13] No purpose would be served by an effort to speculate about and then analyze the myriad of explanations a party might provide to a court regarding a failure to attend a required court date. We note that courts may find it helpful to look to another context involving failures to appear: Penal Code section 1214.1, which authorizes a civil assessment when a defendant fails to appear "after notice and without good cause." (Pen. Code, § 1214.1, subd. (a).) The Advisory Committee comment to California Rule of Court rule

15

determines, the Misdemeanor Statute has not been violated for purposes of section 13365.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with instructions to (1) enter an order granting Plaintiffs' petition for writ of mandate that is consistent with this opinion, (2) conduct a hearing and provide the parties with the opportunity to present their views and, if necessary, evidence concerning how the DMV should be instructed to come into compliance with Vehicle Code section 13365, including what constitutes a reasonable timeframe for compliance, and then, (3) provide the DMV with specific instructions on what it must do in what timeframe to comply with the writ. Plaintiffs are awarded their costs on appeal.

---

4.106(c), which prescribes procedures for assessments under this statute, notes: "Circumstances that indicate good cause may include, but are not limited to, the defendant's hospitalization, incapacitation, or incarceration; military duty required of the defendant; death or hospitalization of the defendant's dependent or immediate family member; caregiver responsibility for a sick or disabled dependent or immediate family member of the defendant; or an extraordinary reason, beyond the defendant's control, that prevented the defendant from making an appearance or payment on or before the date listed on the notice to appear."

 

 

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BURNS, J.

(*Hernandez v. Department of Motor Vehicles* / A156062)

17

A156062 / Hernandez v. Department of Motor Vehicles

Trial Court:  Superior Court of Alameda County

Trial Judge: Honorable Ioana Petrou

Counsel:  Pillsbury Winthrop Shaw Pittman, Thomas V. Loran III and Sydney A. Ward; USC Gould School of Law, Clare Pastore; Lawyers' Committee for Civil Rights, Elisa M. Della-Piana; Western Center on Law and Poverty, Richard A. Rothschild, Rebecca Carr Miller, Antoinette Dozier, and Alexander Prieto; East Bay Community Law Center, Sarah A. Crowley; American Civil Liberties Union Foundation of Northern California, Christine P. Sun, William Simson Freeman and Micaela Davis; Bay Area Legal Aid, Rebekah B. Evenson and Claire Johnson Raba, for Plaintiffs and Appellants.

Legal Services of Northern California, Public Counsel, Legal Aid of Marin, Wade Sterling Askew; Inner City Law Center, Amanda Brea Powell; Financial Justice Project of the San Francisco Treasurer and Tax Collector's Office, Molly J. Alarcon, as Amicus Curiae on behalf of Plaintiffs and Appellants.

Xavier Becerra, Attorney General, Fidel D. Tigno, Supervising Deputy Attorney General, Miguel A. Neri, Supervising Deputy Attorney General, Jorge Aguilar II, Deputy Attorney General and Christopher D. Beatty, Deputy Attorney General, for Defendants and Respondents.